IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

**KIMBERLEY ANNE TOONE,**

        **Plaintiff,**

v.

**TD BANK USA, N.A.**

**and**

**ZWICKER & ASSOCIATES, P.C.,**

        **Defendants.**

Civil Action No.

3:13-cv-52-GEC

## AMENDED COMPLAINT

The plaintiff, Kimberley Anne Toone, by counsel, hereby submits this Amended Complaint in place of the Complaint previously filed in this action.

In this action, the plaintiff, Kimberley Anne Toone, asserts claims against the defendants, TD Bank USA, N.A., and Zwicker & Associates, P.C., under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq., for actions they took to collect a debt which was claimed to be owed to TD Bank by Ms. Toone.

Ms. Toone had a credit card account with Target National Bank. Unfortunately, she had to significantly cut back on her work because she has a severely ill daughter who she has to spend a great deal of time caring for. One of the results of this situation is that Ms. Toone's Target credit card account became delinquent.

Defendant Zwicker & Associates, P.C., a debt collection law firm, contacted Ms. Toone

in the fall of 2012 on behalf of Target about this account in an attempt to collect sums claimed to be due.  In response to these communications, on November 19, 2012, Ms. Toone sent Zwicker & Associates a letter advising them that she was not going to pay the sums claimed to be due on this account because of her limited financial circumstances.  Ms. Toone asked that they not contact her again about this matter.  Under the provisions of the FDCPA, 15 U.S.C. §1692c(c), a debt collector is required to cease communication with a debtor after being asked to do so in a letter such as that written by Ms. Toone.

Despite Ms. Toone's request, Zwicker & Associates continued to contact her about this debt, making several telephone calls to Ms. Toone's home and speaking with her husband about this matter.  They also sent her another letter, dated May 14, 2013, trying to get her to pay the amount due on this account.  The May 14 letter was sent on behalf of defendant TD Bank, which had purchased this account from Target.

In August, 2014, Zwicker & Associates, acting on behalf of TD Bank, filed a lawsuit against Ms. Toone in the Culpeper County General District Court seeking to collect the debt claimed to be owed by her.  When this suit was filed, the defendants did not have sufficient evidence to back up their claims and they did not intend to present evidence in support of those claims in court.  In fact, Ms. Toone did not owe the amounts claimed.  After Ms. Toone appeared and informed the defendants of her intention to contest their claims, the defendants entered a voluntary non-suit of those claims rather than proceed to trial.

This pattern -- filing suit without evidence to support a claim and with no intention to go to trial -- is common with debt collectors such as TD Bank and Zwicker & Associates.  They filed the lawsuit against Ms. Toone knowing that they did not intend to put on evidence in support of their claims.  They did this in the hope that they could use the lawsuit to get money

from her without going to trial, either by getting a default judgment or by getting her to agree to make payments. It didn't work in this case only because Ms. Toone retained counsel and contested their claims.

These actions of the defendants violated Ms. Toone's rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. She seeks actual and statutory damages and her costs and attorney's fees in this action based on these violations.

## Jurisdiction and Venue

1.  This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(d), and under 28 U.S.C. §1331.

2.  Venue is proper in the Western District of Virginia because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b)(2).

## Parties

3.  The plaintiff, Kimberley Anne Toone, is an adult resident of Brandy Station, which is located in Culpeper County, Virginia.

4.  Defendant TD Bank, N.A. is a bank with branches in many states whose headquarters is located in Portland, Maine.

5.  Defendant Zwicker & Associates, P.C., is a professional corporation operating as a law firm with its principal offices located in Andover, Massachusetts. Zwicker & Associates specializes in the collection of delinquent debts.

**Statement of Facts**

6. The plaintiff, Kimberly Anne Toone, had a credit card account with Target National Bank.

7. Ms. Toone used the Target credit card to pay for personal, family or household expenses.

8. Ms. Toone's daughter has had serious medical problems for a number of years. As a result, Ms. Toone has been forced to limit her employment activities. Because of the resulting reduction in her income, she was forced to stop paying sums that were due on the Target credit card account.

9. On or about November 14, 2012, Defendant Zwicker & Associates sent Ms. Toone a letter advising her that it was acting on behalf of Target National Bank and that it was attempting to collect, on behalf of Target, the sum of $6,429.35, which it claimed was owed on the Target credit card account.

10. Ms. Toone owed Target some amount of money on this credit card account, but she did not owe Target the amount claimed in its letter. For various reasons, including the fact that Ms. Toone had had this account for a number of years, that she had made a number of payments on the account under an agreement with Target, and because the terms of the credit card agreement were confusing, Ms. Toone does not at this time know the exact amount she may owe on this account.

11. On or about November 19, 2012, Ms. Toone sent Zwicker & Associates a letter in response to its November 14, 2012 letter, advising them that due to her limited financial circumstances she was not going to be able to make payments on this debt. She stated that she wished them to cease all future communications regarding this matter.

12. Ms. Toone's November 19, 2012 letter was received by Zwicker & Associates on November 26, 2012.

13. Despite having been advised that Ms. Toone was not going to make any payments on the claimed debt and despite having been told that Ms. Toone wished them to cease further communications, Zwicker & Associates contacted Ms. Toone and others about this account several times after receiving her letter.

14. In early 2013, agents acting for Zwicker & Associates telephoned Ms. Toone's home regarding this account several times and discussed this matter with her husband in an attempt to collect the sums claimed as due.

15. The defendants have advised Ms. Toone that in early 2013, Target sold a number of its credit card accounts, including Ms. Toone's account, to defendant TD Bank USA.

16. At the time TD Bank acquired Ms. Toone's account, that account was in default.

17. On or about May 14, 2013, Zwicker & Associates sent Ms. Toone another letter about this same debt, again seeking to collect the balance due.

18. In sending the May 14, 2013 letter to Ms. Toone, Zwicker & Associates was acting as the agent of TD Bank USA under authority given to it by TD Bank USA.

19. As a result of the telephone calls and the May 14, 2013 letter from Zwicker & Associates, Ms. Toone suffered from emotional distress because of the defendants' continuing to communicate with both her and her husband regarding this debt.

20. In August, 2013, Zwicker & Associates filed a lawsuit against Ms. Toone on behalf of TD Bank, in the Culpeper County General District Court seeking to collect the sums claimed. The case was styled *TD Bank USA, N.A., as successor in interest to Target National Bank v. Kimberley Anne Toone*, Case No. GV13001601-00) (hereafter referred to as "the Culpeper

County lawsuit").

21. In the Culpeper County lawsuit, the defendants sought a judgment against Ms. Toone in the amount of $6,429.35 plus interest and costs.

22. The purpose of the Culpeper County lawsuit was to collect money claimed by the defendants to be owed to TD Bank based on Ms. Toone's Target credit card account.

23. The Culpeper County lawsuit was scheduled for a return day on September 27, 2013.

24. At the return day, Ms. Toone was represented by the undersigned counsel, Edward M. Wayland, an attorney admitted to practice in the Commonwealth of Virginia.

25. At the return day, Mr. Wayland advised the Court that Ms. Toone disputed the defendants' claims against her and asked for a trial. The Court ordered the plaintiff to submit a Bill of Particulars and the defendant to submit a Grounds of Defense. Trial was scheduled for January 10, 2014.

26. On January 3, 2014, one week before the scheduled trial, the defendants took a voluntary non-suit of the Culpeper County lawsuit.

27. As a result of the defendants' action in non-suiting the Culpeper County lawsuit, no hearing was held and the case was dismissed.

28. On information and belief, at no time up to and including the date of the non-suit in the Culpeper County lawsuit did the defendants have evidence sufficient to establish that TD Bank was the rightful owner of the credit card account at issue and that it was entitled to collect the sums claimed to be due under that account.

29. On information and belief, when the defendants filed the Culpeper County lawsuit, they had no intention of obtaining the evidence which might be needed to establish their claims in court, and they had no intention of taking that suit to trial and putting on evidence to establish

TD Bank's claims. Instead, their goal was to obtain either a default judgment or an agreement from Ms. Toone to pay the sum claimed or some lesser sum. That is why, when they concluded that they were not going to get a default judgment or a voluntary settlement from Ms. Toone, they filed a non-suit rather than go to trial.

30. The strategy described in Paragraph 24 above is one which is commonly followed by debt buyers and their counsel when they file lawsuits to collect debts without having the evidence to establish their claims.

31. On information and belief, the strategy described in Paragraph 24 above is one which is commonly followed by TD Bank and by Zwicker & Associates in the lawsuits they file to collect debts.

32. As a result of the Culpeper County lawsuit, Ms. Toone was forced to spend a great deal of time working on this case to defend her interests.

33. Ms. Toone incurred expenses in defending the Culpeper County lawsuit for attorney's fees in the amount of $1,500.

34. As a result of the actions of TD Bank and Zwicker & Associates, as described in this Amended Complaint, Ms. Toone suffered the stress of having to defend herself in a lawsuit and of having to incur a fee to her attorneys at a time when her funds were very limited. Because of this, the actions of the defendants caused Ms. Toone emotional distress, anger, shame, fear and frustration for a period of several months.

## Statement of Claim:
## Violations of the FDCPA

All of the allegations of fact set forth above are incorporated into this Statement of Claim as if fully set forth herein.

35. With regard to the collection of the amounts claimed to be owed to Target National Bank and to TD Bank USA, N.A., by Ms. Toone, as described in this Complaint, plaintiff Kimberley Anne Toone was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

36. In its actions to collect this debt from Ms. Toone, as described above, defendant TD Bank USA, N.A., was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

37. In its actions to collect this debt from Ms. Toone, as described above, defendant Zwicker & Associates, P.C., was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

38. In their efforts to collect money claimed to be due from Ms. Toone, as described in this Complaint, defendants TD Bank USA, N.A. and Zwicker & Associates, P.C. violated the provisions of the Fair Debt Collection Practices Act in a number of ways, including the following:

(a) continuing to communicate with Ms. Toone regarding this debt after having been advised by her in writing that she wished them to cease all such communications, in violation of §1692c(c) of the FDCPA;

(b) continuing to communicate with Ms. Toone regarding this debt after having been advised by her in writing that she did not intend to pay this debt, also in violation of §1692c(c).

(c) making false, deceptive or misleading representations in connection with the

collection of a debt, in violation of §1692e;

(d) using an unfair or unconscionable means to attempt to collect a debt, in violation of §1692f;

(e) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f; and

(f) threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1).

It is possible that the defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

39. The actions of TD Bank and Zwicker & Associates, as described in this Amended Complaint, forced Ms. Toone to incur attorneys' fees in the amount of $1,500. They also caused her needless stress which resulted in emotional distress, anger, shame, frustration, and the fear of an unfair judgment against her at a time when money was very tight for her and she was under a great deal of stress because of having to care for her ill daughter.

WHEREFORE, the plaintiff, Kimberley Anne Toone, by counsel, hereby asks this Court to grant her the following relief:

(a) judgment in favor of Ms. Toone and against defendants TD Bank USA, N.A., and Zwicker & Associates, P.C., for her actual damages suffered as a result of the defendants' actions, as provided by 15 U.S.C. §1692k(a)(1);

(b) judgment in favor of Ms. Toone and against defendant TD Bank USA, N.A., in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(c) judgment in favor of Ms. Toone and against defendant Zwicker & Associates, P.C.,

in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

      (d)  her costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3);

and

      (e)  such other and further relief as to this Court shall seem just and proper.

## Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

                                       Respectfully submitted,

                                       KIMBERLEY ANNE TOONE
                                       Plaintiff
                                       By Counsel

<u>s/ Edward M. Wayland</u>
Edward M. Wayland, Esq.
VSB #17380
Counsel for Plaintiff
Kimberley Anne Toone

913 E. Jefferson Street
Charlottesville, VA  22902
(434) 984-0300
(434) 220-4852 (fax)
(334) 460-8760 (fax)
e-mail:  edwayland@yahoo.com