IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

**KIMBERLEY ANNE TOONE,**

        **Plaintiff,**

v.

**TD BANK USA, N.A.**

**and**

**ZWICKER & ASSOCIATES, P.C.,**

        **Defendants.**

Civil Action No.

3:13-cv-52-GEC

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR PARTIAL SUMMARY JUDGMENT**

The plaintiff, Kimberley Anne Toone, by counsel, has moved this Court under the provisions of Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment as to liability against defendants TD Bank USA, N.A. and Zwicker & Associates, P.C. as to one of her claims that they violated the provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1691 et seq.  The defendants' Answers show that there is no dispute as to any of the material facts relating to this claim, and the plaintiff is entitled to judgment on this issue as a matter of law.

As noted in the Motion, the plaintiff does not seek judgment as to damages at this time but instead asks that the determination of appropriate damages be postponed until the trial of this matter.  She also does not seek a ruling as to the other claims of FDCPA violations described in the Amended Complaint which are not addressed by this Motion.

In support of this Motion, the plaintiff has submitted the Affidavit of Kimberley Anne Toone and Exhibits A through D.  For the reasons set forth below, the plaintiff asks that her Motion for Partial Summary Judgment as to liability on the claim described in that Motion be granted.

**Background**

This action was brought by the plaintiff, Kimberley Anne Toone, seeking damages from the defendants, TD Bank USA, N.A. and Zwicker & Associates, P.C., because of their actions in attempting to collect amounts from Ms. Toone claimed to be owed on a Target credit card account.  Ms. Toone has alleged that in their efforts to collect this debt, the defendants violated various provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq. (Unless otherwise indicated, references to section numbers refer to sections of the FDCPA.)  See, e.g., Amended Complaint (doc. #5), ¶38.  In general, Ms. Toone alleges that the defendants continued to communicate with her about this debt after having been asked by her to stop all such communications in violation of §1692c(c);  that they sought to collect amounts which were not in fact owed, in violation of §1692e and 1692f;  and that they used unfair or unconscionable means to attempt to collect this debt by initiating a lawsuit against Ms. Toone without having the evidence to support their claims or any intention to present such evidence to the court, in violation of §1692f.

The plaintiff's motion for partial summary judgment is based on the fact that Ms. Toone advised the defendants in writing that she was not able to pay the debt and that she wanted them to cease communicating with her with regard to this debt.  Under the FDCPA, §1692c(c), when a debt collector has received such a communication from a consumer, the debt collector is required

to cease all communications with the consumer regarding that debt. As the defendants' Answers filed in this matter demonstrate, despite the provisions of §1692c(c), the defendants communicated with Ms. Toone again about this debt anyway. Since the material facts as to this issue are undisputed, partial summary judgment as to liability on this claim is appropriate.

## Statement of Undisputed Facts

The material facts relating to the plaintiff's motion for partial summary judgment are set forth below and are not disputed.

1. The defendants took various actions for the purpose of attempting to collect a debt from Ms. Toone which they claimed she owed based on a Target National Bank credit card. Amended Complaint, ¶¶9, 16-18; Zwicker Ans. ¶¶9, 16-18; TD Bank Ans. ¶¶ 9, 15-18.

2. The Target National Bank credit card account which the defendants were trying to collect was Ms. Toone's account. Amended Complaint (doc. #5), ¶6; Zwicker Ans. (doc.#15), ¶6; TD Bank Ans. (doc #17), ¶6.

3. Ms. Toone's use of the Target credit card was solely for "personal, family or household purposes." Kimberley Toone Affidavit, ¶2. The Target credit card debt is, therefore, a "consumer debt" and its collection is subject to the provisions of the FDCPA. See 15 U.S.C. §¶1692a(3), 1692a(5).

4. Defendant TD Bank USA, N.A. (hereafter, "TD Bank"), is a "debt collector" within the meaning of the FDCPA. While TD Bank purchased the Target credit card account and the right to collect any balance owed, it has admitted that it did so at a time when the account was in default. Amended Complaint, ¶16; TD Bank Ans., ¶16. It therefore comes within the FDCPA definition of a "debt collector." See 15 U.S.C. §1692a(6)(F)(ii).

5. Defendant Zwicker & Associates, P.C. (hereafter, "Zwicker"), is a debt collector within the meaning of the FDCPA. 15 U.S.C. §1692a(6). Amended Complaint, ¶5; Zwicker Ans. ¶5.

6. In its role as debt collector, Zwicker sent Ms. Toone a letter dated November 14, 2012, seeking to collect an amount claimed to be due on the Target credit card account. Plaintiff's Summary Judgment Exhibit A (hereafter, "Pl. SJ Ex. A"); Kimberley Anne Toone Affidavit (hereafter, "Toone Aff."), ¶3.

7. Zwicker agrees that it sent Ms. Toone the November 14, 2012 letter. Amended Complaint, ¶9; Zwicker Ans., ¶9.

8. In response to the November 14, 2012 letter, Ms. Toone sent Zwicker a letter dated November 19, 2012, advising them that she was not able to pay this debt and asking that they cease all further communications with her on this matter. Pl. SJ Ex. B; Toone Aff., ¶3.

9. Ms. Toone's November 19, 2012 letter was mailed to Zwicker & Associates on November 20, 2012 and received by them on November 26, 2012. Pl. SJ Ex. C; Toone Aff., ¶4.

10. Zwicker has admitted that it received Ms. Toone's November 19, 2012 letter (Pl. SJ Ex. C). Zwicker Ans., ¶¶11-12.

11. Under the FDCPA, if a consumer advises a debt collector in writing that she is not going to pay a certain debt, the debt collector "shall not communicate further with the consumer with respect to such debt." 15 U.S.C. §1692c(c).

12. In addition, under the FDCPA, if a consumer asks a debt collector in writing to cease further communication about a debt, the debt collector "shall not communicate further with the consumer with respect to such debt." Id.

13. Despite the requirements of §1692c(c), Zwicker sent Ms. Toone another

communication regarding the Target debt by sending her a dunning letter dated May 14, 2013. Pl SJ Ex. D; Toone Aff., ¶6.

14. Zwicker has admitted that it sent the May 14, 2013 letter (Pl. SJ Ex. D) to Ms. Toone about this debt. Amended Complaint, ¶17; Zwicker Ans., ¶17.

15. In sending Ms. Toone the May 14, 2013 letter, Zwicker was acting as the agent of defendant TD Bank. Amended Complaint, ¶18; Zwicker Ans. ¶18; TD Bank has not denied that this is so in its Answer to the Amended Complaint. TD Bank Ans., ¶18.

**Argument**

The facts supporting Ms. Toone's position in this summary judgment motion are straight-forward and undisputed.

First, it should be noted that the events giving rise to this action are clearly covered by the FDCPA. To establish a claim under the FDCPA, it must be shown that (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. E.g., *Carter v. America Note Servicing*, 2014 WL 2002829, 3 (W.D.Va. 2014); *Dikun v. Streich*, 369 F.Supp.2d 781, 784–85 (E.D.Va. 2005); *Stewart v. Bierman*, 859 F.Supp.2d 754, 759 (D.Md. 2012).

As the Statement of Undisputed Facts set forth above shows, this case arose from the efforts by TD Bank and Zwicker to collect a debt from Ms. Toone. Further, the debt being collected was a consumer debt under §1692(a)(3). Facts, ¶3, citing Toone Aff., ¶2. In addition, both Zwicker and TD Bank were acting as "debt collectors" within the provisions of that Act. Facts, ¶¶3, 4.

It is also true that the undisputed facts show that the defendants took actions in violation of the provisions of the Act.

Ms. Toone advised Zwicker by letter dated November 19, 2012, that she did not intend to pay the Target credit card debt, and she asked that they "cease any further attempts to contact me, my family, or any third party regarding this alleged debt." Pl. SJ Ex. B. The provisions of the FDCPA in this situation are clear. §1692c(c) states:

> (c) Ceasing communication
>
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. . . .

Despite Ms. Toone's clear request in November 2012 that communications regarding the Target credit card account cease, on May 14, 2013 Zwicker sent Ms. Toone a dunning letter relating to this same account. Pl. SJ Ex. D. In sending that letter, therefore, Zwicker violated §1692c(c). Further, TD Bank is also liable for this violation, since in sending this letter Zwicker was acting as its agent and attempting to collect a debt on its behalf.

In its Answer, ¶17, Zwicker & Associates admits that it sent this letter. Zwicker attempts to explain this by saying that they sent Ms. Toone the May 14, 2013 letter to advise her that the account was now owned by TD Bank, USA. A review of the May 14, 2013, letter (Pl. SJ Ex. D) shows that Zwicker did advise Ms. Toone in that letter that her Target account was now owned by TD Bank. Such a review will also show, however, that the purpose of the letter was to contact Ms. Toone to attempt to collect the sums claimed as due. The final sentence of the letter invites Ms. Toone to "Please contact this office if you would like to discuss repayment" of the debt. In fact, apart from the opening sentence, the entire body of the letter is identical to

6

Zwicker's November 14, 2012 letter (Pl. SJ Ex. A), and its basic purpose is, like that earlier letter, to make another effort to communicate with Ms. Toone in order to collect this debt. This is precisely what §1692c(c) prohibits.

It is true that there are certain limited exceptions to the prohibition set out in 169c(c). Those exceptions are set forth in the statute, which states that even after receiving a communication from a consumer such as Ms. Toone's November 19, 2012 letter, a debt collector may contact a consumer in the following circumstances:

> **(1)** to advise the consumer that the debt collector's further efforts are being terminated;
>
> **(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> **(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

None of these provisions authorizes communication to advise Ms. Toone that TD Bank has purchased the account in question, and they certainly do not authorize a communication which attempts, again, to collect the same debt from the consumer.

For these reasons, the actions of Zwicker and TD Bank in sending Ms. Toone the May 14, 2013 letter violated §1692c(c). Summary judgment as to liability for this claim against both defendants is, therefore, appropriate under Rule 56.

## Conclusion

For the reasons set forth above, the plaintiff, Kimberley Anne Toone, by counsel, respectfully asks this Court to enter summary judgment under Rule 56 of the Federal Rules of Civil Procedure against the defendants, TD Bank USA, N.A. and Zwicker & Associates, P.C., as to liability for their actions in violating the FDCPA, 15 U.S.C. §1692c(c), as set forth above.

The plaintiff asks that the issue of damages be determined at a later time, along with the issue of the liability of the defendants for the other claims the plaintiff has asserted against them.

          Respectfully submitted,

          KIMBERLEY ANNE TOONE
          Plaintiff
          By Counsel

s/ Edward M. Wayland
Edward M. Wayland, Esq.
VSB #17380
Counsel for Plaintiff
Kimberley Anne Toone

913 E. Jefferson Street
Charlottesville, VA   22902
(434) 984-0300
(334) 460-8760 (fax)
edwayland@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, a true copy of the foregoing Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment was filed with the Court using the CM/ECF electronic filing system, which will forward a copy to the following:

Ellen B. Silverman, Esq.
Hinshaw & Culbertson LLP
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
Tel: 612-333-3434
Fax: 612-334-8888
esilverman@hinshawlaw.com

H. Scott Kelly, Esq.
Troutman Sanders LLP
1001 Haxall Point (23219)
P. O. Box 1122
Richmond, VA 23218-1122
Tel: 804-697-2202
Fax: 804-697-1339
scott.kelly@troutmansanders.com

Counsel for Defendant TD Bank USA, N.A.


Andrew Scott Lerner, Esq.
Zwicker & Associates, P.C.
948 Clopper Road, 2nd Floor
Gaithersburg, MD 20878
Tel: 301-355-7400
Fax: 301-740-9322
alerner@zwickerpc.com

Robert W. Thuotte, Esq.
Zwicker & Associates, P.C.
80 Minuteman Road
Andover, MA  01810
Tel:  978-184-1042
rthuotte@zwickerpc.com

Counsel for Defendant
Zwicker & Associates, P.C.


                                              <u>s/ Edward M. Wayland</u>
                                              Edward M. Wayland